## Knewstub Appeal

*Joel Friedman,* for appellant.

*Fronefield Crawford,* for respondent.

SAND, J., January 5, 1971.—The narrow issue raised in this appeal from the Radnor Township Zoning Hearing Board (hereinafter "Board"), is whether the subject premises are being used as a "rooming or boarding house," a permitted use under section 1001-8 of the Radnor Township Zoning Ordinance, or as a species of institution prohibited by the ordinance. Though petitioner-appellant (hereinafter "Knewstub"), has briefed and argued further issues, to wit: the constitutional issues of a variance and validity of the ordinance, insufficient evidence was presented to the board on these points. Neither do we believe that it is necessary to reach those constitutional

issues, for we agree with Knewstub that the premises are being used as a "rooming or boarding house" within the ordinance.

The only evidence in this case is that presented by Knewstub and Dr. A. Vincent Hansen, Jr., who testified in favor of the petition. The board properly refused to consider certain evidence offered by opponents of the petition, and considered only the evidence presented on behalf of Knewstub.

Our review of the record discloses these pertinent facts:

1. Knewstub purchased the subject premises in 1965, located at 137-39 Gallagher Road, Radnor Township.

2. The premises are located in a district zoned "R-5" permitting rooming or boarding house use, but prohibiting institutional use, with certain exceptions not applicable here.

3. The premises were rented to families and local people until December 1968.

4. Certain improvements were made on the premises, creating two apartments, and the apartments were rented to tenants with roomers or boarders.

5. Since the physical change in the premises, the roomers or boarders have, almost exclusively, been former patients at Haverford State Mental Hospital, though others have also lived there and the premises are not closed to other members of the public.

6. No nurses, counselors or other professionals live on the premises.

7. No drugs or medicines are dispensed, no medical or psychiatric treatment given and no educational services provided on the premises.

8. Help is provided by Knewstub and her friends in the form of gifts of food and also by Knewstub in scaling rent to ability to pay.

9. Though some of the roomers or boarders receive follow-up care at Haverford State Hospital, they are

permitted to live anywhere and would live at home with their families if such a situation were available to them.

10. Persons are never referred by Haverford State Hospital to the subject premises for medical reasons, because no care is provided at the premises.

We agree with the board's conclusion that Knewstub's primary purpose and desire is to provide quarters for former mental patients who have been declared fit to return to society, but who may have no other place to which they may return. We hold, however, that the actual use to which the premises are put does not characterize them as institutional.

The Radnor Township Zoning Ordinance provides us with no special definition of "rooming or boarding house," and makes no mention that in order to qualify as such the lodging be open to, or used by, the "general public." The board, however, held that "rooming or boarding house" contemplates a dwelling house in which rooms may be rented with or without board to any member of the public at large who chooses there to live.

Even assuming that the subject premises are not for use by the "general public" (a finding which is denied by Knewstub and is not in agreement with the undisputed testimony before the board, see finding No. 5, supra), we hold that the use to which the premises are put is that of a "rooming or boarding house" and not institutional.

The accepted definitions of rooming house and boarding house do not require the premises to be held open to the general public. A rooming house is simply one in which furnished rooms are let, and a boarding house is one in which food is also provided for the consideration. See Webster's New International Dictionary, Section Edition.

Since the Radnor Township Zoning Ordinance does not expressly require the premises to be held open to

the general public, we will not permit the board to engraft that requirement onto the ordinance by way of construction.

Restrictions imposed by zoning ordinances are in derogation of the common-law right of unrestricted use of land, and, therefore, must be strictly construed: Fidler v. Zoning Board of Adjustment, 408 Pa. 260. A restriction not expressly included by the legislature may not be inserted under the guise of construction: Altieri v. Allentown Retirement Board, 368 Pa. 176. Terms not defined in a zoning ordinance are presumably used in the broadest possible sense: United Cerebral Palsy Association v. Zoning Board of Adjustment, 382 Pa. 67.

A fair summary of the undisputed testimony of Knewstub and her witness is that there are no institutional, educational, counseling, medical or mental health services provided for the occupants of the premises on the premises. That the *occupants* are almost exclusively former Haverford State Mental Hospital patients does not convert its *use* from that of a rooming or boarding house to an institution: United Cerebral Palsy Association v. Zoning Board of Adjustment, supra.

Accordingly, we enter the following:

## ORDER

And now, to wit, January 5, 1971, after consideration of the record, and arguments and briefs of counsel before the court en banc, it is ordered and decreed that the appeal of Audrey S. Knewstub from the order of the Radnor Township Zoning Hearing Board, dated November 25, 1969, be and the same is hereby sustained; the said order is hereby reversed; the decision of the Radnor Township Building Inspector that premises are being used for institutional purposes in violation of the Zoning Ordinance of Radnor Township is hereby reversed.