The City Planning Commission of the City of Greensburg, Pennsylvania, and the City of Greensburg, Appellants, and William R. Waugaman, Intervening Appellant, *v.* Threshold, Inc., Appellee.

Argued November 7, 1973, before President Judge BOWMAN and Judges KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. Judge CRUMLISH, JR. did not participate.

*Joseph B. Mitinger*, City Solicitor, for appellants.

*Thomas P. Cole, II*, with him *Scales and Shaw*, for appellee.

OPINION BY JUDGE BLATT, February 5, 1974:

Threshold, Inc. (Threshold), applied to the Planning Commission of the City of Greensburg (City) for a conditional use permit for the operation of a transitory living service, Threshold having been established to provide such a facility for the County mental health

and mental retardation program. After conducting several hearings, the Planning Commission voted 3-3 to recommend the proposed use to the City Council. The application for the conditional use when submitted to the City Council, however, was unanimously rejected. Threshold then appealed to the Court of Common Pleas of Westmoreland County,[1] which held a full hearing on the matter, made a view of the property in question and held that the application should be approved.

Section 603 of the Municipalities Planning Code, 53 P.S. §10603, provides that zoning ordinances may contain: "Provisions for conditional uses to be allowed or denied by the governing body after recommendations by the planning agency, pursuant to express standards and criteria set forth in the ordinances. . . ." The City has provided certain categories of conditional uses in Section 1601 of its zoning ordinance, which are:

"1. Uses publicly operated or traditionally affected with a public interest;

"2. Uses entirely private in character, but of such an unusual nature that their operation may give rise to unique problems with respect to their impact upon neighboring property or public facilities;

"3. Developments, either public or private, consisting of a multiplicity of units or uses, controlled and planned as a single entity."

---

[1] Neither party has raised the issue as to whether or not an appeal to a common pleas court is the proper way to attack the action of a municipal legislative body in rejecting an application for a conditional use, and we will not here decide that issue. One commentator has speculated, however, that, at least prior to the amendments added by the Act of June 1, 1972, P. L. , No. 93, an appeal from a decision of a local governing body in connection with an application for a conditional use would fall within the jurisdiction of the courts of common pleas under Section 1011 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, 53 P.S. §11011. R. Ryan, Pennsylvania Zoning Law and Practice, §5.1.4 (1970).

If a use fits within the above categories, Section 1603 of the zoning ordinance provides further guidelines, as follows:

"General Standards. The following findings shall be used as guidelines by the Commission and the Council in acting upon conditional use applications:

"1. That the establishment, maintenance, or operation of the conditional use will not be detrimental to or endanger the public health, safety, morals, comfort, or general welfare.

"2. That the conditional use will not be injurious to the use and enjoyment of other properties in the immediate vicinity for the purposes already permitted, nor substantially diminish and impair property values within the neighborhood.

"3. That the establishment of the conditional use will not impede the normal and orderly development and improvement of the surrounding property for uses permitted in the district.

"4. That adequate utilities, access roads, drainage, and/or necessary facilities have been or are being provided.

"5. That adequate measures have been or will be taken to provide ingress and egress so designed as to minimize traffic congestion in the public streets."

In applying for a conditional use, we believe that the applicant carries the burden of proving that his proposed use is one permitted as a conditional use by the applicable zoning ordinance and that he has complied with all reasonable standards established by that ordinance. When such proofs have been established, however, the burden of going forward with the evidence and establishing that the proposed conditional use does not meet the standards of the ordinance shifts to the objecting party. There is little difference in this regard between applications for a conditional use and a

special exception,[2] although the legislative body does retain the right to define differing standards for each.

In the instant case, it would appear that Threshold did establish its proposed use to be one which was permitted as a conditional use by the appropriate city ordinance. Even if the proposed use is a boarding house,[3] as argued by the City, the requirements of category (2) would seem to have been met. As to the further standards set out by the ordinance, the lower court clearly set forth in its opinion the substantial evidence which Threshold presented as to each. The objectors, on the other hand, presented little evidence to rebut this extensive expert testimony. In fact, the court below found "that the plaintiff has produced such an overwhelming case in its behalf to the extent that the testimony in favor of the plaintiff far outweighs the testimony presented on behalf of the defendant."

We must agree with the lower court that Threshold clearly carried its burden of proving that it met the standards for a conditional use as set out in the zoning ordinance. The lower court also found, we believe correctly, that the objectors failed to meet their burden of rebutting this evidence, and that Threshold was thus entitled to the permit for a conditional use.

The City has contended that this action by the lower court usurps the functions of the Planning Commission and the City Council. We cannot agree. The City Council has the option of determining whether or not it wishes to include conditional uses as part of its zoning ordinance, and, if it does, what standards must be met if such uses are to be permitted. Thereafter, the

---

[2] For an example of the requirements in special exception cases, see *Jones v. Zoning Hearing Board and The Tennis Club*, 7 Pa. Commonwealth Ct. 284, 298 A. 2d 664 (1972), and cases cited therein.

[3] A virtually identical use was found to constitute a boarding house in *Knewstub Appeal*, 51 Pa. D. & C. 2d 335 (1971). This was not a conditional use case, however.

function of the Planning Commission and the City Council is to determine whether or not a proposed conditional use meets the requirements of the ordinance, but, in so doing they may not arbitrarily reject an application which clearly meets such standards and which has not been shown to be a danger to the public health, safety or welfare.

For the above reasons therefore, we must affirm the order of the court below.