Susquehanna Township Board of Commissioners, Appellant *v.* Hardee's Food Systems, Inc., Appellee.

Argued February 5, 1981, before Judges BLATT, MacPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Robert L. Knupp, Knupp and Andrews,* P.C., for appellant.

*Ronald M. Katzman, Goldberg, Evans and Katzman,* for appellee.

OPINION BY JUDGE BLATT, June 4, 1981:

The Susquehanna Township Board of Commissioners (Board), the appellant here, seeks review of a decision of the Court of Common Pleas of Dauphin County which reversed the Board's refusal of the appellee's[1] request for a conditional use permit to add a drive-through window at its restaurant in Susquehanna Township (Township).

The appellee applied to the Board for a permit to install a drive-through window as a conditional use under Chapter XXVII, Section 192(h)(5) of the Township's Code of Ordinances (Township Code) and that application was approved by the Township's Planning Commission. The Board then held a public hearing, took evidence and denied the request. On appeal, the lower court remanded the matter to the Board for a written adjudication, and a second evidentiary hearing was then conducted, after which the Board issued an opinion and findings of fact reaffirming its previous denial of the conditional use permit. An appeal was again taken to the common pleas court which reversed the Board's determination. This appeal followed.

Section 603 of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10603, provides that zoning ordinances may include "[p]rovisions for conditional uses to be allowed or denied by the governing body after recommendations by the planning agency, pursuant to express standards and criteria set forth in the ordinances. . . ." The Township's zoning ordinance establishes such criteria[2] and the Board found that the appellee's addition of a drive-through window would

---

[1] Hardee's Food Systems, Inc.

[2] Chapter XXVII, Section 262C of the Township Code provides that the following criteria are to be considered:

    1. *Compatibility*—The proposed use will be reviewed as to its relationship to and effect upon surrounding land

violate those standards relating to air pollition and traffic in the area.[3] The lower court held, however,

uses and existing environmental conditions regarding the pollution of air, land and water; noise; potential of hazards and congestion; illumination and glare; restrictions to natural light and circulation of air.

2. *Purpose*—Review the intended purpose of the. proposed use as it relates to the Township's development objectives established in the Susquehanna Township Comprehensive Plan.

3. *Suitability*—The nature of activity and population served, numbers of participating population, frequency of use, adequacy of space and spatial requirements, potential generation and impact of congestion will be reviewed as suitably related to the proposed location of potential use.

4. *Accessibility*—Ingress and egress to the site of the proposed use, circulation and movement of pedestrians and vehicular traffic, parking requirements and accessibility to the existing and proposed Township highway system will be reviewed.

5. *Serviceability*—Reviews will be made as .to the adequacy and availability of utility services and facilities such as sanitary and storm sewers, water, trash and garbage collection and disposal and the ability of the Township to supply such services.

6. *Applicability*—The proposed use will be reviewed as to its application to and coordination with the planning policies of the Township and its Comprehensive Plan and plans for land use, highways, schools, parks, sewers, water distribution and population growth.

[3] The pertinent findings of fact provide:

16. The installation of a drive-thru window would impose an increase in traffic upon this section of Route 22 in the Township.

17. In the past there have been numerous accidents along this section of Route 22 located in Susquehanna Township.

18. The installation of the drive-thru window could contribute to air pollution of this area of Route 22 located in Susquehanna Township.

19. The installation of the drive-thru window would add to an already existing traffic situation along this section of Route 22 in Susquehanna Township.

that the appellee had met its burden of proving conformity with the requirements for a conditional use under the Township's zoning ordinance and that, inasmuch as the objectors to the permit did not produce evidence that the drive-through window would pose a hazard to the health, safety and general welfare of the area, approval should have been granted.

The Board argues that the court failed to defer to the Board's role as factfinder and to its assessment of the credibility of the witnesses and that it also improperly shifted the burden of proof to the Township to show that the conditional use concerned here threatened the health, safety and general welfare of the community.

Our scope of review, where as here the lower court did not take additional evidence, is limited to determining whether or not the Board abused its discretion or committed an error of law and whether or not the findings of fact are supported by substantial competent evidence. *Soble Construction Co. v. Zoning Hearing Board of the Borough of East Stroudsburg,* 16 Pa. Commonwealth Ct. 599, 329 A.2d 912 (1974).

A conditional use is a use which the governing authority has determined is not adverse in and of itself to the public interest, *Zoning Hearing Board v. Konyk,* 5 Pa. Commonwealth Ct. 466, 290 A.2d 715 (1972), but which may be subject to whatever reasonable standards such a legislative body deems to be appropriate. Once the applicant has demonstrated compliance with those standards, however, the permit must be granted, *Greensburg City Planning Commission v. Threshold, Inc.,* 12 Pa. Commonwealth Ct. 104, 315 A.2d 311 (1974), unless the objectors come forward with evidence that the conditional use would pose a substantial threat to the community, *Foster Grading Co. v. Venango Township Zoning Hearing Board,* 49 Pa. Commonwealth Ct. 1, 412 A.2d 647 (1980).

We must first determine, therefore, whether or not the Board abused its discretion by finding that the appellee did not meet its initial burden of proof.

The appellee introduced specific testimony at the Board hearings as to each of the criteria delineated in the zoning ordinance, *supra* n. 2, but the Board concluded that the testimony did not establish that the "drive-thru window should be compatible to the surrounding land uses and existing environmental conditions." The Board found that the proposed use was consistent with the Township's zoning and comprehensive plan for the area and that no problems would arise in relation to sewage or storm water facilities, increased illumination or excessive noise. The only finding of the Board, which could possibly show an adverse influence on environmental conditions, is that the drive-through window "could" contribute to air pollution in the area. On the other hand, the appellee presented testimony that air pollution would not be a problem, and we believe that the speculative nature of the Board's finding makes it insufficient to support the holding that the appellee did not meet its burden of proof.

We also believe that the appellee met its burden of showing that traffic patterns in the area would not be adversely affected. The Board found that the drive-through window would attract only 11 additional cars per day, and the record discloses that the appellee's parking lot would be designed in such a way as to accommodate a line of 12 to 14 cars without adversely affecting the flow of traffic.

As to whether or not the objectors presented sufficient evidence to support the Board's ruling that the installation of the drive-through window would so aggravate an existing traffic problem as to pose a safety threat and to be detrimental to the public welfare, testimony was presented that the restaurant

is located along Route 22 in Susquehanna Township which is used by up to 38,000 cars daily and that, at that intersection, 40 accidents had occurred in 1978. The Board found that the proposed conditional use would increase traffic along Route 22 and would contribute to a pre-existing traffic problem along that section of the thoroughfare. The objectors have a heavy burden to show that this proposed use will have a detrimental effect on the area, for, as our Supreme Court stated in *Archbishop O'Hara's Appeal,* 389 Pa. 35, 54, 131 A.2d 587, 596 (1957):

> It is not *any* anticipated increase in traffic which will justify the refusal of a 'special exception' in a zoning case. The anticipated increase in traffic must be of such character that it bears a *substantial* relation to the health and safety of the community. (Emphasis in original.) A prevision of the effect of such an increase in traffic must indicate that not only is there a likelihood but *a high degree of probability that it will affect the safety and health of the community,* and such prevision must be based on evidence sufficient for the purpose. Until such strong degree of probability is evidenced by legally sufficient testimony no court should act in such a way as to deprive a landowner of the otherwise legitimate use of his land. (Emphasis added.)

Prior cases in which special exceptions or conditional uses have been refused due to traffic difficulties have involved situations wherein applicants for such uses sought to establish new businesses, and the court upheld the zoning boards' determinations that the ingress and egress of traffic caused by those new businesses would create detrimental and abnormal traffic patterns. *See Marple Township Appeal,* 440 Pa. 508, 269 A.2d 699 (1970); *Blair v. Board of Adjustment,*

403 Pa. 105, 169 A.2d 49 (1961); *Cherbel Realty Corp. v. Zoning Hearing Board,* 4 Pa. Commonwealth Ct. 137, 285 A.2d 905 (1972). In the present case, the drive-through window was only a modification of an existing restaurant, an established business, for which traffic patterns have already been likewise established, and the record indicates that the objectors have presented insufficient evidence to establish the necessary "high probability" that an increase of only 11 cars per day entering and leaving the premises would cause an *abnormal* or adverse effect on traffic congestion, *see Zoning Hearing Board v. Konyk, supra,* or that the line of cars waiting to use the drive-through window would exceed the number for which the appellee has planned and provided.

We will affirm the order of the court below.

#### Order

And Now, this 4th day of June, 1981, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is affirmed.

Judge Wilkinson, Jr. did not participate in the decision in this case.