Commonwealth of Pennsylvania, Bureau of Correction, Appellant *v.* City of Pittsburgh, Pittsburgh City Counsel, Appellees.

Argued May 7, 1985, before Judges ROGERS and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Thomas F. Halloran,* Senior Deputy Attorney General, with him, *Allen C. Warshaw,* Chief, Litigation Section, *Andrew S. Gordon,* Senior Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for appellant.

*Kellen McClendon,* Assistant City Solicitor, with her, *D. R. Pellegrini,* City Solicitor, for appellees.

OPINION BY SENIOR JUDGE BARBIERI, August 22, 1985:

The Commonwealth of Pennsylvania, Bureau of Correction (Bureau), appeals here an order of the Court of Common Pleas of Allegheny County. That order dismissed the Bureau's appeal and affirmed the decision of the Pittsburgh City Council (Council) which denied the Bureau[1] a conditional use permit to

---

[1] The conditional use application was actually filed by Sal Williams, the owner of the property in which the Bureau desired to op-

operate a pre-release facility for state prisoners in the Soho/Bluff area of Pittsburgh.

The factual background of this case is not complex. On November 21, 1983, a conditional use application was filed on behalf of the Bureau which sought permission to use a three-story building and adjacent lot at 108-110 Miltenberger Street, Pittsburgh, as a pre-release facility for twenty-four state prisoners. The bureau had operated a pre-release facility at 915 Ridge Avenue in Pittsburgh without incident since 1969 and it was this facility which the Bureau desired to relocate to Miltenberger Street. This relocation was made necessary by the sale of the Ridge Avenue property. The Miltenberger property is located in a C-3 commercial district in which an institutional facility is permitted as a conditional use under Section 993.01(a)(A)(10) of the Pittsburgh zoning ordinance. The Pittsburgh Planning Commission held hearings on January 24, 1984 and February 7, 1984, after which it recommended that the Bureau's application be denied as the pre-release facility would be detrimental to the general welfare of the neighborhood and impede the normal and orderly development of surrounding properties. On March 21, 1984, the Council requested the Commission to meet with state officials and neighborhood residents in an attempt to resolve the objections to the facility. The Commission declined to act and on April 30, 1984 the Council considered the Bureau's application and voted to accept the Commission's recommendations and deny the application. The Bureau appealed Council's decision to common pleas court which affirmed the Council and dismissed the Bureau's appeal on December 3, 1984.

erate its proposed pre-release center. Mr. Williams filed the application on behalf of the Bureau which agreed to lease the property for its pre-release center.

In this appeal, the Bureau contends that the findings that the proposed pre-release facility would be detrimental to the general welfare of the neighborhood and would impede the normal and orderly development of surrounding properties are not supported by substantial evidence and constitute an error of law. We are cognizant, of course, that our scope of review, where a complete record was made before the local agency and the common pleas court took no additional evidence, is limited to determining whether the agency violated any constitutional rights, committed an error of law, or whether any necessary findings of fact made by the agency are unsupported by substantial evidence. Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b); *Wilson v. City of Philadelphia, Board of Licenses and Inspection Review*, 16 Pa. Commonwealth Ct. 586, 329 A.2d 908 (1974).

The essence of the Bureau's appeal is that the objectors to its proposed pre-release facility did not satisfy their burden of proof to show by substantial, competent and relevant evidence that the proposed facility would be detrimental to the general welfare of the neighborhood or impede the normal and orderly development of surrounding properties so as to defeat the Bureau's right to a conditional use permit. There is no question that the pre-release facility proposed by the Bureau satisfied all of the objective criteria for a conditional use under Section 993.01(a)(A)(10) of the ordinance. The common pleas court specifically stated as much[2] and the Council concedes this fact in its brief.[3] The resolution of this matter is dependent upon whether Section 993.01(a)(D) of the ordinance places the burden of showing no detrimental effect on the general welfare of the neighborhood and no impediment to the normal and orderly development of

---

[2] Slip op. at 3.
[3] Brief for Appellee at 7.

surrounding properties on the Bureau or whether the burden is placed upon the objectors to affirmatively show such a detrimental effect or impediment to development. As did the common pleas court, we conclude that the burden lies with the objectors.

In *Greensburg City Planning Commission v. Threshold, Inc.*, 12 Pa. Commonwealth Ct. 104, 315 A.2d 311 (1974), we affirmed a common pleas court's granting of a conditional use permit on facts strikingly similar to those in the present case and involving a zoning ordinance provision nearly identical to Pittsburgh's Section 993.01(a)(D), upon which Council relies. In *Threshold,* we held that where an applicant has established that his proposed use is one permitted as a conditional use by the ordinance and that he has complied with all reasonable standards established by the ordinance, the burden then shifts to the objectors to prove that the proposed use does not meet the standards of the ordinance. 12 Pa. Commonwealth Ct. at 107, 315 A.2d at 313. Here, there is no dispute that the Bureau's proposed facility met all the objective requirements for a conditional use in a C-3 district found in Section 993.01(a)(A)(10) of the ordinance.

In providing for conditional uses in zoning ordinances, the General Assembly has determined that the impact of such a use of property does not, of itself, adversely affect the public interest to any material extent in normal circumstances, so that a conditional use application should not be denied unless it is *proved* that the impact upon the public interest is greater than that which might be expected in normal circumstances. *Susquehanna Township Board of Commissioners v. Hardee's Food Systems, Inc.*, 59 Pa. Commonwealth Ct. 479, 430 A.2d 367 (1981); *Foster Grading Co. v. Venango Township Zoning Hearing Board,* 49 Pa. Commonwealth Ct. 1, 412 A.2d 647 (1980). Our case law has long held that where municipalities

place general, non-specific or non-objective requirements into an ordinance dealing with special exceptions or conditional uses, such as are present in Section 993.01(a)(D) of the ordinance, such general provisions are not usually seen as part of the threshold persuasion burden and presentation duty of the applicant. *See Bray v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 523, 527-528, 410 A.2d 909, 911 (1978); *In Re: Appeal of George Baker,* 19 Pa. Commonwealth Ct. 163, 168, 339 A.2d 131, 135 (1975). The burden is clearly upon the objectors to a conditional use to show by substantial, competent and relevant evidence that the proposed conditional use would pose a substantial threat to the community. *Foster Grading Co.,* 49 Pa. Commonwealth Ct. at 3, 412 A.2d at 649 (1980). Our review of the record convinces us that the objectors have not met their burden.

The evidence produced by the objectors to the Bureau's proposed facility consisted solely of the testimony of a number of neighborhood residents who testified regarding their fears of increased crime stemming from the introduction of state prisoners into their neighborhood and the possible adverse impact the facility would have upon further development and property values in the neighborhood. The fears expressed by the objectors clearly stem from their perceptions of pre-release facilities and their general attitude that, while there is nothing wrong with such facilities per se, they simply did not want that facility in their neighborhood. The objectors articulated no concrete basis for their fears, expressing them only as their personal opinions in vague and general terms. Specifically, the objectors presented no studies, objective testimony or evidence, or concrete facts upon which their fears of increased crime and an adverse impact upon property values or future development could be based. We, therefore, agree with the Bureau that there is not substantial evidence in the record to

support the Commission's finding, as adopted by the Council, that the proposed pre-release facility would be detrimental to the general welfare of the community and adversely impact the normal and orderly development of the neighborhood. Accordingly, since the objectors did not meet their burden of showing that the Bureau's proposed facility would pose a substantial threat to the community and since the Bureau met all the objective requirements for a conditional use in a C-3 Commercial District, it is entitled to have its application for a conditional use permit granted.

For the reasons above stated, we must reverse the order of the common pleas court and remand this matter to the Council with directions that it grant the application for a conditional use permit filed on behalf of the Bureau for its pre-release facility.

ORDER

Now, August 22, 1985, the Order of the Court of Common Pleas of Allegheny County at No. S.A. 654 of 1984, dated December 3, 1984, is hereby reversed and the record is remanded with direction that the Pittsburgh City Council grant the conditional use application of Sal Williams on behalf of the Commonwealth of Pennsylvania, Bureau of Correction.

Jurisdiction relinquished.

Judge BARRY did not participate in the decision in this case.