636 A.2d 1306

**G. Douglas PURDY and Susan H. Purdy, Appellants,**

**v.**

**ZONING HEARING BOARD OF EASTTOWN TOWNSHIP and Easttown Township.**

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1993.

Decided Jan. 13, 1994.

William R. Hagner, for appellants.

John L. Hall, for appellee Easttown Tp.

Before DOYLE and SMITH, JJ., and KELTON, Senior Judge.

DOYLE, Judge.

G. Douglas Purdy and Susan H. Purdy appeal from an order of the Court of Common Pleas of Chester County, which

affirmed the decision of the Zoning Hearing Board of East-town Township (Board). We affirm.

The Purdys are the owners of two separate lots known as No. 10 and No. 22 Leopard Road. Lot 10 is located in a business district, and contains 7 off-street parking spaces. On this lot there is situated a 2-story brick building attached to a one story block warehouse, totalling approximately 5400 feet. Lot 10 is separated from Lot 22 by a 20-foot wide paved strip (alley) over which Lot 10 has a right-of-way. The paved strip is actually part of a parcel owned by Fred Marsico, but the alley is used by at least three other adjoining landowners and their tenants for access to their property. Lot 22, is located wholly within the R–3 residential zoning district which permits single family detached dwellings, and contains a stone house and garage. Generally, the R–3 district does not permit business uses.

The zoning district boundary line, as shown on the official Zoning Map of Easttown Township, which separates the residential district from the business district, runs coterminous with the northern property line of Lot 22. (See attached excerpt of Township zoning map, marked "T–1" from the record below).

The Purdys believed that the seven parking spaces serving Lot 10 were inadequate for their present and future business needs and applied to the Township's Zoning Officer [1] under the Easttown Township Zoning Ordinance (Ordinance) for permission to create twelve additional parking spaces on the northern edge of Lot 22, a strip which borders the zoning boundary line and the alley. The alley would provide access to the additional parking. The Zoning Officer denied the application because he interpreted the Ordinance as prohibiting business uses in a residential zone.

1. The Purdys, through their attorney, submitted their application to Gene R. Williams, whose title appears to be Township Manager. The Board, however, in its decision refers to him as the Zoning Officer, and for the purposes of simplicity we shall also refer to him as the Zoning Officer.

The Purdys then appealed to the Board. Before the Board the Purdys argued that they were entitled to the additional parking as of right based on Section 1603.1 of the Ordinance, which governs the minimum standards for off-street parking.[2] Section 1603.1 of the Ordinance provides:

Subject to the general requirement for off-street parking, off-street parking spaces no less than 9'6" x 20', with proper access from a street, alley or driveway, shall be provided in all districts in the amounts indicated below. Such parking space shall be provided on any lot on which a dwelling is hereafter erected or converted *or, in the case of any other use, on or near the lot on which any main building is hereafter erected or converted. . . .* (Emphasis added.)

The Purdys contended that Section 1603.1 permits parking spaces on *any* lot near the original lot, regardless of the other lot's zoning classification. The Board agreed that the Ordinance permitted parking spaces in a business zone, and private parking in a residential zone as an accessory use to a residential use, but found that Section 301.8 of the Ordinance prohibited accessory business uses (*i.e.*, parking) from being located in a residential zone. Section 301.8 of the Ordinance sets out the permitted uses in a "AA Residence" district, which apply also to the "R–3 Residence" district, and allows and regulates accessory uses,[3] as follows:

*Section 301.* USE REGULATIONS: A building may be erected, altered or used and the land itself may be used for any of the following purposes *and for no other:*

**2.** In the alternative, the Purdys applied for a special exception to create the parking spaces because part of Lot 22 was located within the business district. *See infra* n. 4. A special exception is a conditionally permitted use which complies with the specific requirements in the ordinance for such a use. *See Bray v. Zoning Board of Adjustment,* 48 Pa.Commonwealth Ct. 523, 410 A.2d 909 (1980). The applicant has the threshold burden of proving that the use complies with the requirements of the ordinance. *Id.* However, we note that no such special exception for parking is provided for in the Ordinance, and, moreover, none would be necessary.

**3.** There is no question that parking would be an accessory use under the definition of that term in Section 103.2 of the Zoning Ordinance.

. . . .

8. Accessory use on the same lot with, and customarily incidental to, any of the foregoing *permitted uses.* The term "accessory use" shall not include a business except as provided in subsection d below, . . .[4] (Emphasis added.)

Because the proposed parking spaces were to be located on Lot 22 in a residential zone, but were an accessory use to the business situated on Lot 10, the Board reasoned that the additional parking spaces were prohibited by Section 301.8 of the Ordinance. Accordingly, the Board denied the Purdys' application. The Purdys then appealed the Board's decision to the trial court which, without taking additional evidence, affirmed the Board. This appeal followed.

On appeal,[5] the Purdys reiterate the same argument made below that Section 1603.1 of the Ordinance grants them the right to establish parking near their business establishment,[6] and they additionally contend that Section 1603.1 of the Ordinance takes precedence over Section 301.8 of the Ordinance because Section 1603.1 postdates Section 301.8. With regard to this argument, we note that the Purdys failed to advance this latter theory before the Board or the trial court, and a legal theory not raised below is deemed waived on

4. Subsection (d) of Section 301.8 of the Ordinance exempts business uses such as home occupations. The Purdys do not argue that they qualify for this business exception.

5. Our scope of review in zoning cases where the trial court did not take additional evidence is limited to whether the zoning hearing board committed an error of law or abused its discretion. *Isaacs v. Wilkes–Barre City Zoning Hearing Board,* 148 Pa.Commonwealth Ct. 578, 612 A.2d 559 (1992).

6. Before the Board and the trial court the Purdys argued that the Zoning District Boundary line should have been drawn internally through Lot 22, which would allow them to use part of that lot for business uses, such as parking. *See* Section 203 of the Ordinance. However, the Purdys have abandoned this argument on appeal by failing to address the issue anywhere in their brief and by failing to list it in the statement of questions involved. Rule of Appellate Procedure 2116 states that, "no point will be considered which is not set forth in the statement of questions involved or suggested thereby." Pa.R.A.P. 2116.

appeal. *Richardson v. LaBuz*, 81 Pa.Commonwealth Ct. 436, 474 A.2d 1181 (1984).

 The Purdys' primary argument, essentially, is that the right granted by Section 1603.1 of the Ordinance, to locate parking on any lot near the lot where the business is located, is unlimited. That conclusion, however, is not borne out by the Ordinance as a whole, because we must interpret Section 1603.1 as an integral part of the entire Ordinance, not as a separate part with a wholly independent meaning. *Tobin v. Radnor Township Board of Commissioners*, 142 Pa.Commonwealth Ct. 567, 597 A.2d 1258 (1991). Clearly, Section 301.8 of the Ordinance places a limitation on the right to park and the only reasonable interpretation is that parking for a business use may not be located within a residential district.

The Purdys urge us to find that Section 301.8 of the Ordinance is ambiguous because it conflicts with Section 1603.1 which would entitle the Purdys to the least restrictive use, citing *Neill v. Bedminster Township Zoning Hearing Board*, 140 Pa.Commonwealth Ct. 365, 592 A.2d 1385 (1991). We disagree with the Purdys' conclusion that Section 301.8 of the Ordinance is ambiguous or conflicts with Section 1603.1, and note that Section 1933 of the Statutory Construction Act of 1972 (Act), which applies to zoning ordinances, *Council of Middletown Township, Delaware County v. Benham*, 514 Pa. 176, 523 A.2d 311 (1987), directs us to interpret two seemingly contradictory provisions so that effect may be given to both. 1 Pa.C.S. § 1933.[7]

Further, Section 1922(2) of the Act, 1 Pa.C.S. § 1922(2), provides that in ascertaining the intention of the General Assembly there is a presumption that the Legislature intends that the entire statute—here, the ordinance—shall be effective. *Matter of Employees of Student Services*, 495 Pa. 42, 432 A.2d 189 (1981). That result may be accomplished by affirming the order of the trial court, and we so hold.

7. Section 1933 of the Act also provides that if the provisions cannot be reconciled, that the specific provision (here Section 301.8 of the Ordinance) prevails over the general provision (here Section 1603.1 of the Ordinance). 1 Pa.C.S. § 1933.

## *ORDER*

NOW, January 13, 1994, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby affirmed.