Norman J. BAILEY and Mary
Ann Bailey, Appellants,

v.

UPPER SOUTHAMPTON TOWNSHIP.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 17, 1997.

Decided March 20, 1997.

Stanton C. Kelton, III, Bensalem, for appellants.

Donald E. Williams, New Hope, for appellee.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

■ Norman and Mary Ann Bailey (Appellants) appeal from the order of the Court of Common Pleas of Bucks County (trial court) which affirmed the decision of the Upper Southampton Township Board of Supervisors (Board), denying Appellants' application to expand an existing conditional use of their property. We reverse.[1]

Appellant Norman Bailey has operated a chiropractic office on the subject property since 1969. (19a.) At the time Appellants purchased the property a "home occupation" was a permitted use of the property under the Upper Southampton Township Zoning Ordinance (Ordinance). *Id.* The Ordinance was amended in 1972, making a home occupation a conditional use. Section 405 of the Ordinance requires a new conditional use application for any change in the use or structure of a pre-existing conditional use.[2]

On November 17, 1995, Appellants filed an application with the Board, seeking approval to build an addition to the property and to use part of the addition to expand the existing chiropractic office space. The new office space will comprise fifteen percent of the entire addition; the rest of the addition will be residential. (25a.) Appellants' son resides at the property, and is also a chiropractor. (57a–58a.) Both chiropractors intend to use the proposed expanded structure as their primary chiropractic offices (57a–60a); however, Appellants aver there will be no increase in the number of patients or the number of office hours. (21a.)

The Board denied Appellants' application at a hearing conducted in January 1996. Appellants appealed to the trial court, which

1. Our scope of review in a zoning appeal where the court of common pleas took no additional evidence is limited to a determination of whether the township zoning hearing board or the board of supervisors committed a manifest abuse of discretion, or an error of law. *South Whitford Associates, Inc. v. Zoning Hearing Board of West Whiteland Township,* 157 Pa.Cmwlth. 387, 630 A.2d 903 (1993) *petition for allowance of appeal denied,* 538 Pa. 652, 647 A.2d 905 (1994). An abuse of discretion may be established if the findings are not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

2. Section 405 states:

   Any use existing on the effective date of this Chapter which is classified as requiring a Conditional Use ... shall be deemed to have been granted a Conditional Use subject to maintaining the character and extent of operations and structures existing on that date. Any application for change in use or structure shall require a Conditional Use permit as provided in Part 9.

affirmed the Board. Appellants now appeal to this Court.

The issues raised by Appellants on appeal are: (1) whether the Township and the objectors failed to meet their burden of showing that the project would be injurious to the health, safety and welfare of the Township; (2) whether the trial court erred in concluding that the proposed addition would add a nonresidential feature to the neighborhood; (3) whether the Board and the trial court erred in allowing a petition signed by residents opposed to the project to be introduced as evidence; and (4) whether, due to changes in the Ordinance in 1992, a home occupation may now be considered a non-conforming use, thus entitling Appellants to a natural right of expansion.

■ Initially, we note that a conditional use is nothing more than a special exception which falls within the jurisdiction of the municipal legislative body,[3] rather than the zoning hearing board. Section 603 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10603. The fact that a use is permitted as a conditional use evidences a legislative decision that the particular type of use is not adverse to the public interest per se. *Bureau of Correction v. City of Pittsburgh,* 91 Pa.Cmwlth. 293, 496 A.2d 1361 (1985), *affirmed* 516 Pa. 75, 532 A.2d 12 (1987); *Brentwood Borough v. Cooper,* 60 Pa.Cmwlth. 462, 431 A.2d 1177 (1981).

■ Where a zoning ordinance is silent on the point, the burden of proving that a conditional use application is inconsistent with the criteria established by the zoning ordinance lies with the protestants or, as here, with the township. As long as the applicant brings himself within the provision in the ordinance, he has made his prima facie case and the application must be granted unless the protestants present sufficient evidence that the use would present a substantial threat to the community. Robert S. Ryan, Pennsylvania Zoning Law and Practice (Ryan) § 5.2.5 (1981); *Manor.* The burden then shifts to the protestants to present evidence that the proposed use has a detrimental effect on health, safety and welfare. Ryan, (Supp.1994–1995) § 5.2.5; *See Bray v. Zoning Board of Adjustment,* 48 Pa.Cmwlth. 523, 410 A.2d 909 (1980).

First, Appellants contend that the Board and the trial court erred in denying the application[4] due to a potential increase in traffic in the neighborhood, pursuant to Section 906.2 of the Ordinance.[5] Testimony at the hearing revealed that: there would be no overall increase in the number of hours or patient visits to the office (9a); in the 27 years Dr. Bailey has been at that location, no one, including the police, has ever complained to him concerning parking (36a–37a); a neighbor, Mr. Young, stated that there has not been a parking problem in the twenty-eight years he has lived there (38a); and another neighbor, Mr. Driscoll, also testified that he has not experienced a problem because of cars parked on the streets (28a–29a). Additionally, evidence was presented that any current parking problem is caused by resident teenagers parking their automobiles on the street (53a).

■ An application may be denied on traffic grounds only: (1) where there is a high probability that the proposed use will generate traffic not normally generated by the type of use; and (2) that the abnormal

---

3. The board of supervisors, as the governing body of the township, has the authority to grant conditional uses pursuant to express standards and criteria set forth in zoning ordinances enacted by the board to regulate land use pursuant to the police power. *Clinton County Solid Waste Authority v. Wayne Township,* 164 Pa.Cmwlth. 632, 643 A.2d 1162 (1994).

4. The Board concluded that:

11. Applicant's proposed addition will increase traffic and traffic congestion to the detriment of the surrounding neighborhood and will negatively impact the character of the general vicinity which violated [sic] Section 9062.B of the Upper Southampton Township Zoning Ordinance.
(113a).

5. Section 906.2 states:

[t]he Board shall grant a conditional use only if it finds adequate evidence that any proposed use submitted for a conditional use will meet all of the following general requirements as well as any specific requirements and standards listed for the proposed use....
(127a.)

traffic threatens safety. *Orthodox Minyan of Elkins Park v. Cheltenham Township Zoning Hearing Board*, 123 Pa.Cmwlth. 29, 552 A.2d 772 (1989). Proof of adverse traffic effects usually requires a mixture of proof in the form of traffic counts, accident records, and expert evidence. Ryan § 5.3.1.

In *O'Hara's Appeal*, 389 Pa. 35, 54, 131 A.2d 587, 596 (1957), our Supreme Court held that "[i]t is not any anticipated increase in traffic which will justify the refusal of a 'special exception' in a zoning case. The anticipated increase in traffic must be of such character that it bears a substantial relation to the health and safety of the community." (Emphasis omitted.) The Court went on to hold that until such a high probability is presented that the safety and health of the community will be affected, no court should deprive a landowner of an otherwise legitimate use of his property.[6]

Moreover, in *Manor*, nine neighbors testified that traffic problems *could* occur. There was, however, no testimony from the township planner or any other qualified person. The *Manor* court held that the evidence presented did not support the denial of the use of the property. The court went on to hold that an increase in traffic alone is insufficient to justify a refusal of a special exception, and that such speculative testimony from concerned neighbors fails to establish a "high degree of probability" of specific detrimental consequences to the public welfare. *Id.* at 71, 131 A.2d 587.

**6.** Indeed, in *Susquehanna Township Board v. Hardee's Food Systems, Inc.*, 59 Pa.Cmwlth. 479, 430 A.2d 367 (1981), this Court, relying on *O'Hara*, held that where traffic patterns are already established in an existing business, a slight increase in traffic does not cause abnormal or adverse effects on traffic congestion. Therefore, the use of the property was upheld.

**7.** Another neighbor, Mr. Dunnigan, was granted party status in the case, and also objected to the application because of potential traffic problems.

**8.** As such, the trial court erroneously stated that "construction of such an addition provides an opportunity for growth of the practice(s) to occur and increases the likelihood of further impact on the neighborhood." (Trial Court Opinion at 24.)

**9.** The Board found that:

Here, neither the Township nor the objectors presented evidence that the proposed addition would substantially increase, or adversely effect, the traffic flow. Mr. Rohlfing, a neighbor, only stated that "it seems to me the people who don't live on that street drive a lot faster and more recklessly than the people that live on the street and most of those people are Dr. Bailey's patients." (68a, 69a.)[7] There is absolutely no evidence other than the speculative testimony of the neighbors that there will be an increase in traffic congestion if Appellants are permitted to build the addition. Thus, the Board's finding that the proposed expansion will increase traffic is not supported by substantial evidence of record, and must be reversed.[8]

Next, Appellants argue that it was error to find that the addition would add a non-residential feature to the neighborhood, and otherwise violate Section 906(2B) of the Ordinance.[9] Dr. Bailey's testimony was uncontradicted that no more than fifteen percent of the addition would be devoted to office space. Outwardly, there is nothing to distinguish the building from any other residential addition. Objectors presented no testimony of architects, builders or other experts to establish that the proposal was not architecturally or aesthetically compatible with the existing house, or the neighborhood. As such, no substantial evidence of record exists to prove that the proposed addition adds a non-residential feature to the neighborhood. Thus, that finding of the Board must also be reversed.[10]

12. The proposed addition adds a nonresidential feature to the neighborhood and is not in the best interests of the Township, the convenience of the community and public welfare which violated [sic] Section 906.2.B of the Upper Southampton Township Zoning Ordinance.
(113a.)

**10.** Since we hold that Appellants prevail on the first two issues, we need not address the remaining issues. We note, however, that Appellants' arguments fail on both remaining issues.

Appellants argue that a petition was presented to the Board to send a political message that fifty voters were opposed to the project, and, thus, the Board was improperly influenced. However, Appellants acknowledge that the hearing was conducted pursuant to the Local Agency Law, 2

Thus, the Board committed an abuse of discretion as its findings, regarding the potential increase in traffic and the nonresidential feature of the addition, are not based upon sufficient evidence of record.

Accordingly, the decision of the Board is reversed.

### ORDER

AND NOW, this 20th day of March, 1997, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby reversed.

Pa.C.S. §§ 551–555, 751–754, and that the formal and technical rules of evidence do not apply to hearings before the local agency. Further, any error in the introduction of the petition is harmless error, since there is no evidence that the Board assigned an inappropriate weight to the petition.

Appellants' final issue concerns whether the use became a non-conforming use after the 1992 amendments to the Ordinance. However, Appellants failed to raise this issue before the Upper Southampton Zoning Board. As this argument was not presented before the Board and the trial court, it is deemed waived. *See Purdy v. Zoning Hearing Board of Easttown Township*, 161 Pa. Cmwlth. 386, 636 A.2d 1306 (1994). Of additional note, any issues regarding expansion of a non-conforming use would be determined by the Zoning Hearing Board, and not the Board of Supervisors for a conditional use application, as in this case.