Joan C. LAMM, Appellant,

v.

Joseph D. FISHER, an Individual; GLS Capital Inc.; and Peter R. DeFazio, Sheriff of Allegheny County, Appellees.

Superior Court of Pennsylvania.

Submitted May 15, 2006.

Filed July 19, 2006.

Dean E. Collins, Carnegie, for appellant.

John A. Bacharach, Pittsburgh, for Fisher.

Laura M. Miller, North Versailles, for GLS Capital.

Peter R. DeFazio, Pittsburgh, for DeFazio.

BEFORE: ORIE MELVIN, TODD and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Joan C. Lamm appeals the order of the Court of Common Pleas of Allegheny County denying her petition for redemption of property. We affirm.

¶ 2 The facts are not in dispute and were recited by the trial court as follows; to-wit:

[Appellant] was the owner of real estate at 1001–1003 Chartiers Avenue, McKees Rocks, Pennsylvania on which a tavern was located. The property was sold at a Sheriff's Sale on February 7,

2005 to [Appellee], Joseph D. Fisher. [Appellee] paid $20,000.00 for the property and received a Sheriff's Deed on February 14, 2005. A copy of the Deed has not been provided by the parties nor has the date of the acknowledgement of the Sheriff's Deed been set forth in the pleadings or exhibits. No objection to the validity or propriety of the Sheriff's Sale proceeding has been raised.

[Appellant] timely filed a Petition for Redemption and the Court entered an Order dated September 26, 2005 issuing a Rule to Show Cause why the [Appellant] is not entitled to the relief requested and requiring [Appellee] to file an Answer to the Petition within twenty days. [Appellee] filed a Motion for Reconsideration which th[e] Court granted and denied the Petition for Redemption by Order of Court dated October 25, 2005.

Trial court opinion, 12/16/05, at 1–2. Thereafter, Appellant filed a timely notice of appeal raising two issues. Appellant's first issue claims the trial court erred in denying the petition for redemption pursuant to the Municipal Claims and Tax Liens Law (hereinafter the "Act"), Act of May 16, 1923, P.L. 207, as amended, 53 P.S. § 7293. The Act provides in pertinent part as follows:

(a) The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may, except as provided in subsection (c) and (d) of this section, redeem the same at any time within one year from the date of the acknowledgement of the

sheriff's deed therefor, upon payment of the amount bid at such sale; [ . . . ].

(b) Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

(c) Notwithstanding any other provision of law to the contrary, *in any city, township, borough or incorporated town, there shall be no redemption of vacant property by any person after the date of the acknowledgement of the sheriff's deed therefore.* For the purposes of this subsection, *property shall be deemed to be "vacant property" unless it was continuously occupied by the same individual or basic family unit as a residence for at least ninety days prior to the date of the sale and continues to be so occupied on the date of the acknowledgement of the sheriff's deed therefor.*

53 P.S. § 7293(a)-(c) (emphasis added).[1] Subsection (a) of Section 7293 states in unequivocal terms that owners of any property sold at a tax sale may redeem the property within one year of the acknowledgement of the sheriff's deed. 53 P.S. § 7293(a). However, the ability of the prior owner to redeem property sold at a sheriff's sale contains a restriction outlined in Section 7293(c). "The language of Subsection (c) of the Act is unambiguous and limits redemption to non-vacant property

---

1. Section 7293(c) was amended by the Pennsylvania legislature on July 15, 2004, by Act 2004–83, effective September 13, 2004. Prior to the amendment, the restriction on the right to redeem non-residential property was limited to cities of the first class only. Act 2004–83 amended the statute and extended the limitation to "any city, township, borough or incorporated town." The property here, situated in the Borough of McKees Rocks, Allegheny County, Pennsylvania, would not be eligible for redemption under 53 P.S. § 7293(c) given the fact that it was commercial in nature. *See* discussion *infra.*

occupied as a residence." *Paul J. Dooling Tire Co. v. City of Philadelphia*, 789 A.2d 364, 366 (Pa.Cmwlth.2001), *appeal granted*, 569 Pa. 712, 805 A.2d 528 (2002); *see also First Union National Bank v. Diamonds and Gold Incorp.*, 850 A.2d 642, 645 (Pa.Super.2004) ("In interpreting [the redemption statute], [. . .] 'when the words [. . .] are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.'" (citation omitted)).

¶ 3 Herein, the property in question was not used as a residence but was commercial in nature, or as argued by Appellant for the first time on appeal a "mixed use"—commercial and residential. The record is not supportive of Appellant's "mixed use" argument.

¶ 4 A review of the record discloses that the property was sought to be sold in the year 2000 by Allegheny County's assignee, GLS Capital, Inc., for delinquent taxes totaling $4,286.93.[2] As a result of numerous postponements of the sheriff's sale by both GLS Capital, Inc. and Appellant, the property was not sold until February 7, 2005, to Appellee for a bid of $20,000.00. A petition to redeem the property was filed with the motions court on September 20, 2005, and in said petition Appellant described the property as "a three-story bar/tavern[.]" Appellant's "Request for Redemption Pursuant to 53 P.S. Section 7293," ¶ 1; Record No. 18. This characterization of the property permeates the record. *See Id.;* "Writ of Execution," 2/10/05 (legal advertising in local newspaper described property to be sold at sheriff's sale as "a three story bar/tavern"), Record No. 17; Pittsburgh Legal Journal, 6/27/03 (property to be sold at sheriff's sale described as "bar/tavern"); GLS Capital, Inc.'s "Notice of Sheriff's Sale of Real Estate," 4/04/03 (described property as "having erected thereon a three-story bar/tavern.").

¶ 5 Despite Appellant's ability and readiness to pay the required money to re-purchase her property, the successful bidder/Appellee refused Appellant's redemption efforts and sought the trial court's intervention to complete the re-purchase pursuant to Section 7293. Prior thereto, the trial court issued an order dated September 26, 2005, requiring Appellee to show cause why Appellant was not entitled to the return of her property, and a hearing was scheduled within sixty days of the September 26th order. However, after review of Appellee's motion for reconsideration, the trial court vacated its September 26th order and denied Appellant's petition for redemption of property by order dated October 25, 2005. The trial court did so predicated upon the commercial nature of the vacant property sold at the sheriff's sale on February 7, 2005, which was after the effective date of the amendments making redemption applicable to "any city, township, borough or incorporated town." Trial court opinion, 12/16/05, at 2–3. Further, to permit redemption, the property had to be residential and not vacant for ninety days prior to the date of the sale and occupied on the date of the acknowledgement of the sheriff's deed. None of the conditions precedent recited above was met by Appellant. Therefore, such deficiencies foreclosed Appellant's efforts to redeem the property because it was neither residential in nature nor occupied prior to or on the date the sheriff's deed was acknowledged. *See Paul J. Dooling Tire Co., supra; see also* Appellant's brief, at 8 (unnumbered) ("In this matter, [Appellant] was the owner of premises located at 1001–1003, Chartiers Avenue, McKees

---

**2.** The amount referenced did not include statutory penalties and interest, lien filing costs, record costs of the proceeding, and statutory attorney's fees. When these costs were added to the amount due the figure rose to $9,719.33 by November 15, 2000.

Rocks, Pennsylvania, 15061, wherein she operated a tavern and restaurant known as "Lynn's Inn." The property in question was a mixed use property[3] in that the same had therein a restaurant and tavern with the upper floors being residential in nature. *[Appellant] acknowledges that the upper floors were not occupied at the times relevant to this matter.*" (emphasis added)).

¶ 6 In light of the preceding, we find meritless Appellant's claim that the trial court erred in denying her petition for redemption of property.

¶ 7 Next, we turn to Appellant's last contention that 53 P.S. § 7293 is violative of her "right to equal protection under the law as guaranteed [...] by the 14th Amendment to the Constitution of the United States of America and Article I, § 26 of the Pennsylvania Constitution." Appellant's brief, at 12 (unnumbered).

 ¶ 8 For the first time on appeal, Appellant assails the constitutionality of Section 7293(c). This is too late in the judicial process to raise an issue for review, especially given the fact that the trial court responded to Appellant's first claim but never mentioned the present constitutional contention. As is obvious from the record, the reason the trial court never responded to Appellant's constitutional contention is the fact that it was not raised until the appellate level, which renders the claim waived for appeal purposes. *Brown*

*v. Philadelphia Tribune Co.*, 447 Pa.Super. 52, 668 A.2d 159, 162 (1995) (issues not raised below are waived on appeal, even if issues raised on appeal are of constitutional dimension); Pa.R.A.P. 302(a); *see also Progressive Northern Ins. Co. v. Schneck*, 572 Pa. 216, 221 n. 2, 813 A.2d 828, 831 n. 2 (2002) ("issues [...] waived because not raised below. Pa.R.A.P. 302."); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

¶ 9 Accordingly, finding no merit to any of Appellant's claims, we affirm the order appealed.

¶ 10 Order affirmed.

3. Appellant's "mixed use property" argument is raised for the first time in her appellate brief, which tardiness renders the contention waived for appeal purposes. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Even if, for the sake of argument, the issue were not waived, it would be held meritless. There is no evidence of record that the property was occupied "by the same individual or basic family unit as a residence for at least ninety days prior to the date of the sale." 53 P.S. § 7293(c); *see also*

Appellant's brief, at 8 (unnumbered). Furthermore, Appellant has failed to state when or if the deed was acknowledged by the sheriff, which triggers allowance of the redemption process. 53 P.S. § 7293(a); *First Union National Bank*, 850 A.2d at 647 ("Acknowledgement of a deed is a critical step in the transfer of real property. The language of Section 7293 plainly and unambiguously states that the redemption period begins *after* the Sheriff's deed conveying the property to the purchaser is acknowledged." (citation omitted; emphasis in original)).