**Szary v. Zoning Hearing Board of Tredyffrin Township**

*Jane M. Shields*, for appellants.

*Stacey L. Fuller* and *Patrick M. McKenna*, for appellee Tredyffrin Township Zoning Hearing Board.

*Michael T. Imms*, for appellee Landmark 5, LLC.

*Vincent T. Donohue*, for intervenor Township of Tredyffrin.

TUNNELL, *J.*, April 14, 2014—Gregory Szary and Karen Szary ("appellants") filed their appeal from the decision of the Tredyffrin Township Zoning Hearing Board ("board") granting the application of Landmark 5, LLC ("applicant" or "Landmark") for a use variance from §208-67 of the Tredyffrin Township Zoning Ordinance ("ordinance") so that it could add an outdoor patio with seating and a bar to its existing restaurant. This section of the ordinance requires that each permitted use in the C-1 Commercial District, other than a parking lot, shall be conducted within a completely enclosed building. Appellants contend that Landmark failed to prove that it was entitled to a variance permitting such outdoor and unenclosed dining.

The court took no additional evidence.

The standard of review of this court is whether the board committed a manifest abuse of discretion or an error of law in granting the variance. *Valley View Civic Ass'n v. Zoning Hearing Bd. of Adjustment*, 462 A.2d 637, 640 (Pa. 1983); *see also*, *Allegheny W. Civic Council, Inc. v. Zoning Hearing Bd. of Adjustment of the City of Pittsburgh*, 689 A.2d 225, 227 (Pa 1997).

The court recognizes of course that the board is the ultimate arbiter of credibility and finder of facts. The court's only role is that of review to make sure that the board's determinations and conclusions are supported by substantial evidence in the record. *Pennsy Supply, Inc. v. Zoning Hearing Bd. of Dorrance Township*, 987 A.2d 1243, 1248 (Pa. Cmwlth. 2009), *appeal denied* 607 Pa. 708, 4 A.3d 1056 (2010). "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *In re: Rural Route Neighbors*, 960 A.2d 856 (Pa. Cmwlth. 2008) (also noting that a reviewing court may not substitute its judgment for that of the zoning hearing board). The reviewing court exceeds its scope of review by reweighing testimony. If it does so, it erroneously assumes the role of fact-finder. *In re: Rural Route Neighbors*, *supra*.

The applicant here sought a use variance. A hearing was conducted on March 22, 2012. Landmark presented testimony from its principal, David Goldman, and its architectural expert, John M. Schwartz.

A property owner seeking a use variance must always demonstrate that an unnecessary hardship exists with respect to the property at issue and in light of the permitted uses in the particular zoning district in which the property is located. *Sweeney v. Zoning Hearing Bd. of Lower Merion Township*, 626 A.2d 1147 (Pa. 1993). In *Taliaferro v. Darby Township Zoning Hearing Bd.*, 873 A.2d 807

(Pa. Cmwlth. 2005), *appeal denied* 585 Pa. 692, 887 A.2d 1243 (2005), the Commonwealth Court held that in order to establish unnecessary hardship an applicant must prove that either (1) the physical features of the property are such that it cannot be used for a permitted purpose, or (2) the property can be conformed for a permitted use only at a prohibitive expense, or (3) that the property is valueless for any purpose permitted by the zoning ordinance. The court is mindful that the Supreme Court in *Hertzburg v. Zoning Bd. of Adjustment of the City of Pittsburgh*, 721 A.2d 43 (Pa. 1998) relaxed the standard in some respects for allowing variances, but did so in respect to dimensional variances and did not speak at all to any relaxed standard for use variances.

The burden on an applicant seeking a variance is a heavy one, and the reasons for granting the variance must be substantial, serious and compelling. *Valley View Civic Ass'n v. Zoning Bd. of Adjustment, supra.*

Indeed, the finding of an unnecessary hardship must itself be supported by substantial evidence. *Seipstown Village, LLC v. Zoning Hearing Bd. of Weisenberg Township*, 882 A.2d 32 (Pa. Cmwlth. 2005). The board in its decision properly set forth the elements for consideration of a use variance and in that regard noted a variance "whether labeled dimensional or use, is appropriate 'only where the property, not the person, is subject to hardship.'" *Yeager v. Zoning Hearing Bd. of the City of Allentown*, 779 A.2d 595 (Pa. Cmwlth. 2001). The board further noted in its decision that the proposed outdoor dining area is consistent with the character and type of development in the surrounding community, and that numerous other businesses had similar outdoor dining areas (Decision, p. 9). It noted that no additional parking would be required and that the proposed screening would be adequate to address any concerns of neighbors including the appellants.

It concluded that the applicant met the requirements of the Tredyffrin Township Zoning Ordinance and that the relief sought shall not alter the essential character of the C-1 Commercial District of the township.

The board simply did not discuss whether the requisite hardship was demonstrated. This is a problem because the failure of a zoning hearing board to consider each requirement of a zoning ordinance prior to granting a variance constitutes error. *Larson v. Zoning Bd. of Adjustment of City of Pittsburgh*, 672 A.2d 286, 289-90 (Pa. 1996).

The only testimony in the record that could be construed as bearing on "unnecessary hardship" was the following exchange:

Q. Describe why you feel that, you know, a patio outdoor dining area is necessary for Landmark?

A. Sure. I mean, you know, we have seen over the years anyone that had that patio — excuse me, had a patio in their establishment any time the weather breaks they're very busy and everybody else is — especially in this area where going to the shore is so popular, you have a much smaller market in the summer months, and generally only the places that offer outdoor are going to be successful during those months. We certainly want to put together a sustainable business model and I think this would be critical to it.

(N.T. 16: 7-21).

Without invading the province of the board to assess credibility, this evidence falls far short of the legal standards for granting a use variance. It simply amounts to an assertion that an outdoor dining patio is attractive and trendy, and part of the applicant's business model. There was nothing in the record with respect to previous

restaurants at the same location nor any reasons for their success or failure, how other area eateries came to have outdoor seating, what zoning classifications they were located in, or anything that could fairly be said to buttress the board's determination.

In *SPC Co., Inc. v. Zoning Bd. of Adjustment of the City of Philadelphia*, 773 A.2d 209, 214 (Pa. Cmwlth. 2001), the court noted that there is no right of a property owner to utilize its land for the highest and best financial gain, stating that "financial hardship alone is not a sufficient basis for granting a variance."

The applicant for the first time on appeal raised new theories not presented before the board. These included that (1) outdoor seating is permitted for all restaurants as a matter of right under the ordinance, (2) the applicant is entitled to validity variance, and (3) that §208-67 of the ordinance deprives the applicant of the equal protection of the law. Legal theories raised below are deemed waived on appeal. *Bailey v. Upper Southampton Township*, 690 A.2d 1324, 1327 (Pa. Cmwlth. 1997). This is also true even if the theories are of constitutional dimension. *Lamm v. Fisher*, 903 A.2d 1259, 1262 (Pa. Super. 2006). Accordingly, the court will not entertain them.

An appropriate order follows.

## ORDER

And now, this 14th day of April, 2014, upon consideration of the record and the parties' briefs it is hereby ordered and decreed that the appeal of Gregory and Karen Szary is granted. The decision and order dated April 26, 2012 of the Zoning Hearing Board of Tredyffrin Township is reversed, and the application of Landmark 5, LLC for a use variance from §208-67 of the Tredyffrin Township Zoning Ordinance is hereby denied.