COUNTY OF SCHUYLKILL,
Appellant,

v.

E & J DISMANTLING COMPANY.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 12, 1999.

Decided May 21, 1999.

Mary Kay Bernosky, Pottsville, for appellant.

Michael J. Fiorillo, Pottsville, for appellee.

Before McGINLEY, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

McGINLEY, Judge.

County of Schuylkill (County) appeals the order of the Court of Common Pleas of Schuylkill County (common pleas court) that dismissed the County's complaint against E & J Dismantling Company (E & J) that alleged violation of County Ordinance No.1990–3 (Ordinance).

Section 303 of the Municipal Waste Planning, Recycling and Waste Reduction Act (Act 101)[1], provides in pertinent part:

(a) **Primary responsibility of county.**—Each county shall have the power and its duty shall be to insure the availability of adequate permitted processing and disposal capacity for the municipal waste which is generated within its boundaries. As part of this power, a county:

(1) May require all persons to obtain licenses to collect and transport municipal waste subject to a municipal waste processing or disposal facility designated pursuant to subsection (e).

. . . .

(c) **Ordinances and resolutions.**—In carrying out its duties under this section, a county may adopt ordinances, resolutions, regulations and standards for the processing and disposal of municipal waste, which shall not be less stringent than, and not in violation or inconsistent with the provisions and purposes of the Solid Waste Management Act, this act and regulations promulgated thereto. (Footnote omitted.) 53 P.S. § 4000.303(a), (c).

On October 17, 1990, the County adopted the Ordinance pursuant to Act 101. The Ordinance regulated the collection, transportation and disposal of regulated waste.[2] The Ordinance also provided that any hauler[3] engaged in the collection,

---

1. Act of July 28, 1988, P.L. 556, *as amended,* 53 P.S. § 4000.303.

2. "Regulated Waste" is defined in the Ordinance as all municipal waste generated in the County. "Municipal Waste" is defined as "any garbage, refuse, industrial lunchroom or office waste and other material, including solid, liquid, semi-solid or contained gaseous material, resulting from operation of residential, municipal, commercial or institutional establishments and from community activities and any sludge not meeting the definition of

residual or hazardous waste in the SWMA [Solid Waste Management Act] from a municipal, commercial, or institutional water supply treatment plant, wastewater treatment plant, or air pollution control facility." Ordinance, Section 1.8 at 3–4; Reproduced Record (R.R.) at 11a–12a.

3. "Hauler" is defined as "a Person engaged in the regular business of collecting and or transporting Regulated Waste." Ordinance Section 1.8, at 3; R.R. at 11a. The Ordi-

transportation or disposal of regulated waste must register with the County and apply for a license each year. Under the Ordinance, an unlicensed hauler may not collect or transport regulated waste. This unlicensed conduct constitutes a public nuisance, and a person who engages in unlawful conduct shall upon conviction in a summary proceeding before a district justice be sentenced to pay a fine of not more than $1,000.00 and not less than $100.00 and in default of payment, be committed to the County jail for not more than ten days.

E & J is a partnership engaged in the demolition business. After the structures are demolished, the debris is transported to waste disposal facilities in the County. E & J did not obtain a license to haul waste under the Ordinance in 1996 or 1997. Because E & J did not have a license, the County filed a complaint with the District Justice on October 2, 1997. After hearing, the District Justice entered judgment in favor of the County and against E & J in the total amount of $278.00. E & J appealed to the common pleas court. In response to the appeal, the County filed a complaint on December 19, 1997, and requested that the common pleas court restrain E & J from engaging in the transportation and collection of regulated waste, fine E & J between $100 and $1,000 and require E & J to pay attorney's fees and costs. E & J denied the allegations. On August 7, 1998, the County moved to consolidate its complaint with E & J's appeal. The common pleas court granted the uncontested motion.

The parties asked the common pleas court to decide the case without taking testimony and submitted a stipulation of facts that the common pleas court approved on July 2, 1998. The County argued in its proposed findings of fact and conclusions of law that the terms of the Ordinance are to be construed liberally to achieve its goals and *in pari materia* with the Solid Waste Management Act[4] (SWMA). The County also included the following definition of construction/demolition waste in the regulations promulgated by the Pennsylvania Department of Environmental Protection pursuant to the SWMA:

> Solid waste resulting from the demolishing of buildings and other structures, including, but not limited to wood, metals, asphaltic substances, bricks, block and unsegregated concrete. The term also includes dredging waste. The term does not include the following if they are separated from other waste and are used as clean fill: (1) uncontaminated soil, rock, stone, gravel, unused brick, block and concrete; (2) waste from land clearing, grubbing and excavation, including trees, brush, stumps and vegetative material. 25 Pa.Code § 271.1.

The County stated that under the regulation adopted pursuant to the SWMA, construction/demolition waste is regulated as municipal waste.[5] The County asserted that construction/demolition waste was municipal waste as defined in the SWMA and a regulated waste under the Ordi-

nance includes some exceptions to the definition which are not applicable here.

4.  Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. § 6018.101–6018.1003.

5.  25 Pa.Code § 271.2 provides:
    (a) This chapter specifies certain general procedures and rules for persons who operate municipal waste management facilities. This chapter, together with Chapters 273, 275, 277, 279, 281, 283 and 285, specifies the Department's requirements for municipal waste processing, disposal, transportation, collection and storage.

(b) Management of the following types of residual waste is subject to this article instead of Article IX (relating to residual waste management), and shall be regulated as if the waste is municipal waste, regardless of whether the waste is a municipal waste or residual waste.
    (1) Construction/demolition waste.
    (2) Infectious and chemotherapeutic waste.
    (3) Sewage sludge, including sewage sludge that is mixed with other residual waste.
    (4) Leaf waste and grass clippings.

nance as a matter of law. Therefore, E & J violated the Ordinance, was subject to fines and should have been enjoined.

E & J contended that the Ordinance regulated municipal waste and that construction/demolition waste was not covered under the Ordinance. E & J further contended that the regulation covered the operation of municipal waste management facilities and not the transportation of waste. Finally, E & J asserted that even if the County correctly interpreted that construction/demolition waste was municipal waste, the Ordinance had to be specifically amended to regulate construction/demolition waste.

The common pleas court determined that the County did not include the term or definition of construction/demolition waste in the Ordinance and by reviewing the Ordinance it was not clear that municipal waste included debris from building demolition. The common pleas court further determined that in order to conclude that construction/demolition waste came under the Ordinance a hauler of construction demolition waste had to engage in a "tedious analysis of the statutory and regulatory definitions and scheme." Common Pleas Court Opinion, October 12, 1998, at 10. Specifically, the hauler had to examine the Ordinance, Act 101, the SWMA and the regulations enacted pursuant to the SWMA. Therefore, the common pleas court held that the Ordinance did not give adequate notice to E & J and was fundamentally unfair. Consequently, the common pleas court dismissed the County's complaint and entered judgment for E & J.

■ The County contends that the common pleas court erred when it did not find that construction/demolition waste was municipal waste as provided in the regulations, and when it found that the County failed to provide notice that construction/demolition waste is regulated as mu-

nicipal waste especially when E & J was in the demolition business.[6]

Initially, the County contends that under the SWMA construction/demolition waste may be classified as either "residual" waste or "municipal" waste depending on its origin but either way it must be regulated as municipal waste under 25 Pa.Code § 271.2. The County asserts the common pleas court mistakenly neglected to find that E & J was engaged in the collection and transportation of municipal waste and was subject to the Ordinance.

■ The County enacted the Ordinance to regulate the transportation and disposal of regulated waste. The Ordinance is based on Act 101. Section 104 of Act 101 explicitly states that it shall be construed *in pari materia* with the SWMA. 53 P.S. § 4000.104. The regulation enacted as a result of the passage of the SWMA stated that construction/demolition waste was classified as municipal waste for purposes of regulation. Here, the Ordinance defined municipal waste essentially the same as did the SWMA. Further, the Ordinance defined regulated waste as municipal waste generated within the geographic boundaries of the County. As construction/demolition waste was considered municipal waste under the regulation based on the SWMA and Act 101 must be construed *in pari materia* with the SWMA and the Ordinance regulated municipal waste, we agree with the County that the transportation of construction/demolition waste was regulated by the Ordinance.

Although Act 101 stated that the term "municipal waste landfill" did not include a facility used exclusively for the disposal of construction/demolition waste, 53 P.S. § 4000.103, we cannot agree with E & J that the County lacked authority to regulate the transportation and disposal of construction/demolition waste based on *Clinton County Solid Waste Authority v.*

6. Our review of a decision of a court of common pleas is limited to a determination of whether constitutional rights were violated or

whether the trial court abused its discretion or committed an error of law. *Gibbs v. Ernst*, 538 Pa. 193, 647 A.2d 882 (1994).

*Wayne Township,* 164 Pa.Cmwlth. 632, 643 A.2d 1162 (1994). In *Clinton,* the Clinton County Solid Waste Authority (Authority) sought to establish a demolition waste landfill on a site adjacent to its municipal waste landfill. Wayne Township (Township) initially denied the Authority's conditional use permit for the demolition waste landfill. *Id.* at 1164. The Authority appealed to the Court of Common Pleas of Clinton County (trial court). The trial court remanded to the Township and ordered that a conditional use be granted imposing reasonable conditions. The Township had granted the Authority's conditional use permit but added a list of sixteen conditions with which the Authority was required to comply. *Id.* at 1165. The Authority appealed to the trial court concerning the propriety of the conditions. The trial court determined that Act 101 did not apply because the Authority sought to construct a landfill for the disposal of only construction/demolition wastes and struck certain of the conditions. *Id.* at 1166. This Court agreed that section 103 of Act 101 specifically excluded landfills used exclusively for construction/demolition waste from its application. *Id.* at 1167. This Court affirmed in part and reversed the trial court's decision to strike three of the conditions for reasons inapplicable to the matter at hand.

In the present case, in contrast to *Clinton,* the County enacted the Ordinance in order to regulate the transportation and disposal of municipal waste pursuant to Act 101. The County cited E & J for the unlicensed transport of construction/demolition waste which the County classified as municipal waste. Here, whether a landfill was used exclusively for construction/demolition waste and, therefore, was explicitly exempted from Act 101, was not an issue. E & J attempts to jump from this statutory exemption to the requirements of Act 101 for construction/demolition landfills to a blanket exemption for construction/demolition waste. We will not make that leap.

Unarguably, the County may regulate construction/demolition waste. The next point of inquiry is whether the Ordinance was sufficiently clear for E & J to know that the Ordinance applied to its hauling. The County contends that because E & J was engaged in the demolition of buildings and the transportation of the resulting debris, it was aware of the regulations involving the transportation of municipal waste as the Ordinance, SWMA, and the regulation, all make clear that construction/demolition waste is municipal waste. Furthermore, because the Ordinance's definition of municipal waste is identical to that of the SWMA, the County asserts that the Ordinance provided reasonable standards that allow an ordinary person to understand what conduct was proscribed.

A statute is void for vagueness when the statute does not define an offense with sufficient definiteness so that ordinary persons can understand what conduct is prohibited. *Commonwealth v. Parker White Metal Co.,* 512 Pa. 74, 515 A.2d 1358 (1986). If the statute in question contains reasonable standards to guide the prospective conduct, then due process requirements are satisfied. *Commonwealth v. Heinbaugh,* 467 Pa. 1, 354 A.2d 244 (1976). This Court addressed whether the SWMA was void for vagueness in *Baumgardner Oil Co. v. Commonwealth,* 146 Pa.Cmwlth. 530, 606 A.2d 617, *petition for allowance of appeal denied,* 531 Pa. 648, 612 A.2d 986 (1992). In *Baumgardner,* a waste oil recycler, Baumgardner Oil Co. (Baumgardner), was charged with violating the SWMA, primarily relating to the unlawful management, generation, transportation, storage, treatment and disposal of hazardous waste. At a preliminary hearing, a district justice bound Baumgardner over for further proceedings in the Court of Common Pleas of Franklin County. Baumgardner filed an omnibus pretrial motion which was denied but was certified as an interlocutory appeal. Baumgardner alleged that the SWMA was too vague to give fair warning

as to prohibited acts. *Baumgardner*, 606 A.2d at 620. This Court held:

> We believe that the definitions of municipal, residual and hazardous waste contained in the SWMA contain reasonable standards sufficient to allow an ordinary person to understand what conduct is proscribed under the Act. The SWMA need not specifically list every conceivable type of garbage, refuse, or discarded material in order to inform fully a person that he or she is subject to the SWMA. BOC [Baumgardner] is dealing with an unwanted discarded liquid which had its origins in industrial or commercial operations. Baumgardner can reasonably be expected to know this and to comprehend that the SWMA applies to its business activities. Thus, since the SWMA contains a standard definite enough to inform a person what he or she can and cannot do, it is not void for vagueness. (Footnote omitted.)

*Baumgardner*, 606 A.2d at 623.

██ Just as this Court previously determined that the SWMA was not void for vagueness, we must reach the same conclusion with respect to the Ordinance. The definition of municipal waste adopted in the Ordinance was substantially the same as the definition of the same term in the SWMA. The term "regulated waste" was clearly defined as was the term "hauler". The requirement that "[a]ny Hauler collecting, transporting or disposing or desiring to collect and/or transport Regulated Waste shall, prior to each License Year, register with and apply to the county for a License for such operation within the County"[7] is clear and self-explanatory. While the Ordinance does not list construction/demolition waste under the classification of either regulated waste or municipal waste, it is clear from the regulation that construction/demolition waste was regulated as municipal waste under the Department of Environmental Protection's requirements for processing disposing, transporting, collection and storing municipal waste. We echo this Court's

statement in *Baumgardner* that every type of garbage need not be listed to fully inform a person that he or she is subject to laws regarding waste management. We must reject the determination that it was too difficult for a waste hauler to ascertain that construction/demolition waste was regulated under the Ordinance. In fact, the parties stipulated that fourteen of the sixty-seven solid waste haulers the County licensed hauled only construction/demolition waste. The fact that fourteen haulers who exclusively transported construction/demolition waste realized that they required a license under the ordinance clearly shows that a person of ordinary intelligence who hauled construction/demolition waste knew or should have known that the Ordinance applied.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 21st day of May, 1999, the order of the Court of Common Pleas of Schuylkill County in the above-captioned matter is reversed and the case is remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

---

7. Ordinance, Section 2.1 at 5; R.R. at 13a.