**LTS DEVELOPMENT, INC.**

v.

**MIDDLE SMITHFIELD TOWNSHIP BOARD OF SUPERVISORS, Appellant.**

**No. 9 C.D. 2004.**

Commonwealth Court of Pennsylvania.

Argued June 11, 2004.

Decided Nov. 5, 2004.

Reargument Denied Dec. 30, 2004.

Richard E. Deetz, Stroudsburg, for appellant.

Gerard J. Geiger, Stroudsburg, for appellee.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI, JR.

The Board of Supervisors of Middle Smithfield Township (Board) appeals from an order of the Court of Common Pleas of Monroe County striking and modifying 12

---

of the 29 conditions imposed by the Board in granting the application for a conditional use for a planned residential development (PRD) proposed by LTS Development, Inc. (LTS). We affirm.

LTS is the equitable owner of a 146.28–acre tract of land (Property) located between Hidden Lake Drive and Huckleberry Drive in Middle Smithfield Township (Township), Monroe County within the R–1 Conservation Residential zoning district where a PRD is permitted as a conditional use under Section 7.2700.C of the Township Zoning Ordinance (Ordinance). On August 22, 2002, LTS filed an application seeking approval of a conditional use proposing to develop the Property as a PRD, to be known as "Water Gap Preserve at Hidden Lake," with 97 single-family dwelling units. A tentative plan submitted by LTS showed 49.54 acres of lot areas, 11.51 acres of rights-of-way, and 85.23 acres of open space which included 36.25 acres of wetlands. LTS subsequently amended the application to increase the proposed single-family units to 101 units.

Based on the evidence presented by LTS at hearings, the Board found that LTS' application met all the specific standards required for approval of a conditional use for a PRD under Section 3.601 (Standards for Conditional Uses) and Article 7 of the Ordinance (Planned Residential Development Regulations), and that the proposed development would not adversely affect the use or value of the adjacent properties. Board's Findings of Fact No. 10 and Conclusions of Law No. 2. Based on these findings, the Board approved LTS' application for a conditional use subject to 29 conditions. In its notice to the Board, LTS refused to accept the conditions imposed by the Board. LTS' application was then deemed to have been denied pursuant to Section 7.1406.C of the Ordinance.

LTS thereafter appealed the deemed denial of its application and challenged 13 of the 29 conditions, which required LTS to, *inter alia*, complete all improvements prior to issuance of a certificate for occupancy (Condition No. 3); construct nature trail and a pedestrian pathway system prior to sale of lots and construct active recreation areas (Condition No. 5); maintain a private ownership of all roads in the project (Condition No. 9); construct standing and parking areas for parents' cars at school bus stops (Condition No. 10); conduct a traffic impact study (Condition No. 12): conduct an environmental impact study (Condition No. 13); provide an access point for the nearby existing development's future sewage connection (Condition 19); install cluster mailboxes (Condition No. 21); eliminate Lot No. 46 (Condition No. 23); notify the adjacent property owners of the proposed use, the proposed upgrade of Huckleberry Drive and the possible effect of the proposal on their properties (Condition No. 24); replace all items removed to upgrade Huckleberry Drive to prevent adverse impact on the adjacent lot owners (Condition No. 26); maintain a private ownership of the sewer line and pay all costs for connecting sewer lines to the neighboring properties (Condition No. 27); and, accept its liabilities for any damages caused by the upgrade of Huckleberry Drive (Condition No. 28).

After argument of counsel, the trial court reversed the deemed denial of LTS' application and rejected LTS' challenge to Condition No. 19 as moot. Concluding that the other 12 conditions are unreasonable and are not supported by the record, the trial court modified Conditions Nos. 3, 5 and 24 and struck the remaining 9 conditions. The Board appealed challenging the 12 conditions modified and stricken by

the trial court.[1]

In approving a conditional use, the governing body "may attach such reasonable conditions and safeguards, other than those related to off-site transportation or road improvements, in addition to those expressed in the ordinance, as it may deem necessary to implement the purposes of this act and the zoning ordinance." Section 603(c)(2) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10603(c)(2). Section 3.601 of the Ordinance similarly provides that conditional uses "may be subject to any additional conditions and safeguards, . . . which may be warranted by the character of the areas . . . or by other special factors and which are necessary to implement the purposes of this Ordinance."

It is well established, however, that by permitting a particular use as a conditional use, the governing body has determined that such use would not have adverse impact upon the public interest in normal circumstances. *Bailey v. Upper Southampton Township,* 690 A.2d 1324 (Pa. Cmwlth.1997). Consequently, the governing body must demonstrate that the conditions imposed in granting a conditional use are reasonably related to the public health, safety and welfare. *Clinton County Solid Waste Authority v. Wayne Township,* 164 Pa.Cmwlth. 632, 643 A.2d 1162 (1994).

The Board contends that the 12 conditions in question are reasonably related to the purposes of protecting environment, dwelling unit purchasers and adjacent property owners and reducing traffic problems.

In its comprehensive and well-reasoned opinion, the trial court thoroughly and ably addressed the issue of whether the Board was justified in imposing the conditions in question. Accordingly, we affirm the trial court's decision on the bases of the opinion of the Honorable Ronald E. Vican, President Judge of the Court of the Common Pleas of Monroe County, filed in *LTS Development, Inc. v. Middle Smithfield Township Board of Supervisors,* —— Pa. D. & C. 4th ——, 2003 WL 23864650 (No. 3131 Civ. 2003, filed December 5, 2003).

*ORDER*

AND NOW, this 5th day of November, 2004, the order of the Court of Common Pleas of Monroe County in the above-captioned matter is affirmed on the bases of the opinion of the Honorable Ronald E. Vican, President Judge of the Court of the Common Pleas of Monroe County, filed in *LTS Development, Inc. v. Middle Smithfield Township Board of Supervisors,* —— Pa. D. & C. 4th ——, 2003 WL 23864650 (No. 3131 Civ. 2003, filed December 5, 2003).

1. This Court's scope of review in a land use appeal, where, as here, the trial court did not take additional evidence, is limited to determining whether the governing body committed an error of law or abused its discretion. *Ruf v. Buckingham Township,* 765 A.2d 1166 (Pa.Cmwlth.2001). The governing body abuses its discretion when its findings are not supported by substantial evidence, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Ass'n v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).